UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBAID ZUBAYEN,

    Petitioner,

-vs-                                                  Case No. 6:10-cv-1274-Orl-31DAB
                                                           (6:08-cr-47-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Obaid Zubayen. The Government filed a response (Doc. No. 14) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 15) to the Government's response.

*Procedural History*

Petitioner was charged in a thirty-eight count first superceding indictment with the commission of various crimes (Criminal Case No. 6:08-cr-47-Orl-31DAB, Doc. No. 30, filed March 12, 2008).[1] After the jury was selected in his criminal case, Petitioner pled guilty to the charges. On November 10, 2008, the Court entered a Judgment In A Criminal Case

---

[1] Criminal Case No. 6:08-cr-47-Orl-31DAB will be referred to as "Criminal Case."

(Criminal Case Doc. No. 75) in which Petitioner was adjudicated guilty of the crimes and sentenced him to imprisonment for a total term of 36 months. An Amended Judgment In A Criminal Case was entered on February 3, 2009, whereby the original judgment was amended as to restitution (Criminal Case Doc. No. 85). Petitioner did not appeal his conviction or sentence.

*Petitioner's Section 2255 Motion is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the amended judgment of conviction in this case was entered by the Court on February 3, 2009. Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes

final when the time allotted for filing an appeal expires). Thus, Petitioner's conviction became final on February 13, 2009, and Petitioner had until February 13, 2010, to file a section 2255 motion in this case.

Although Petitioner's initial section 2255 motion was file-stamped by the Clerk's office on August 25, 2010, under the "mailbox rule," it would be deemed filed on August 23, 2010, the date when the motion was signed and presumably delivered to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because Petitioner's initial section 2255 motion was not filed by February 13, 2010, it is time-barred under section 2255 and must be denied.

In his reply to the Government's response, Petitioner asserts that he is entitled to equitable tolling. Petitioner's arguments in support of equitable tolling are vague and conclusory and do not support equitable tolling. The Court has reviewed Petitioner's arguments and finds that he has presented no basis for tolling the one-year period of limitation and that none of his arguments is meritorious.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed August 25, 2010) filed by Obaid Zubayen is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:08-cr-47-Orl-31DAB.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No.117, filed August 25, 2010) pending in case number 6:08-cr-47-Orl-31DAB.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18th day of May, 2011.

/s/ Gregory A. Presnell
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 5/18
Obaid Zubayen
Counsel of Record

---

[2] Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.